JUSTICE COTTER
dissents.
¶17 I dissent. Because the suspension of a driver’s license involves state action that adjudicates important interests of the licensee-including his interest in the pursuit of a livelihood-procedural due process as required by the Fourteenth Amendment must be extended. State ex rel. Majerus v. Carter (1984), 214 Mont. 272, 276, 693 P.2d 501, 503. Procedural due process includes at a minimum the application of the law in effect at the time of the proscribed conduct in question. Here, under the law in effect at the time Keeney accumulated eighteen points, the State was required to give him notice that he was declared a “driver in need of rehabilitation and improvement,” and that he must either enroll in a rehabilitation and improvement course or face suspension of his driving privileges. The State failed to comply with this law, and as a result, Keeney was later deprived of his license without forewarning or opportunity to cure.
*452 ¶18 The Court errs in its analysis in two respects. First, it is undisputed that Keeney exceeded the eighteen-point threshold on May 2, 2003, that the law then in effect required that notice be given, and that the amendment to the statute removing the notice provisions did not take effect until May 5,2003. The Court however appears to reject Keeney’s argument that he was entitled to rely on the law in effect at the time he accumulated these points, concluding that because the revised law did not affect Keeney’s “substantive rights,” its application to Keeney is not problematic. The trouble is that the inference does not follow.
¶19 As the Court points out at ¶ 9, § 1-2-109, MCA, provides that no statute is retroactive unless expressly so declared. Section 61-11-204, MCA, as amended in May 2003, did not expressly so declare; therefore, the statute may not be applied retroactively. But, contrary to the Court’s conclusion at ¶ 8, retroactive application of the 2003 law is not the issue. The question is whether Keeney should have been able to rely upon the provisions of the law in effect on the date that he accumulated the eighteen points. In an apparent effort to dodge this question, the Court notes that while Keeney’s determinative conviction occurred on May 2, 2003, the State did not receive notice of the conviction until May 28, 2003, after the notice statute had been amended. The date of receipt of notice is, however, immaterial, as the Department’s own witness testified at the judicial review hearing that it is the date of conviction that the Department considers determinative in implementing the statute, and not the date of receipt. ¶20 This brings me to my second disagreement with the Court’s Opinion. In deciding that Keeney had no right to rely on the law then in effect, the Court attempts to draw a distinction between the right to retain one’s license, a right which the Court seems to concede is substantive, and the right to receive notice that one’s license is in jeopardy, which the Court concludes is not a substantive right. ¶ 10. However, in each of the three cases cited by the Court in support of this proposition — Williams v. Wellman-Power Gas, Inc., Germann v. Stephens, and Seven Up Pete Venture v. State-the appellant had no vested interest that would be impaired by virtue of a change in the law. In Williams, a statute of limitations for filing a workers’ compensation claim was extended by the legislature, an act of grace which neither impaired vested rights nor imposed new duties or disabilities. Williams, 174 Mont. at 391, 571 P.2d at 92-93. In both Germann and Seven Up Pete, the aggrieved party was in the stages of permit or license application when the ordinance and initiative at *453 issue, respectively, took effect. Thus, in these cases, procedural due process was not implicated because there were no vested rights in existence (i.e., no license) at the time the new law went into effect. Here, clearly, such is not the case.
¶21 Contrary to the conclusion reached by the Court at ¶ 12, the repeal of the notice requirement did affect Keeney’s substantive rights. Until the law was repealed, Keeney had a right to presume the law then in effect with respect to his license would be enforced, and that he would receive notice and an opportunity to protect his license before the State could suspend it. In my judgment, Keeney was denied the due process of the law to which he was entitled when his license was suspended without warning, and without adherence to the law in effect at the time he accumulated the eighteen points. I dissent from our refusal to so conclude.
JUSTICE NELSON joins in the dissent of JUSTICE COTTER.
JUSTICE RICE joins in the dissent of JUSTICE COTTER.